ROBERT STEVEN WOLSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolski v. Commissioner
Docket No. 10910-93
United States Tax Court
T.C. Memo 1994-296; 1994 Tax Ct. Memo LEXIS 299; 67 T.C.M. (CCH) 3141; June 27, 1994, Filed *299 Decision will be entered for respondent in the amount of $ 256. Robert Steven Wolski, pro se. For respondent: James Gehres. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1]
Respondent issued a notice of deficiency to petitioner and his former spouse determining a deficiency in the amount of $ 782 in Federal income tax for 1989. After concessions, the sole remaining issue for decision is whether, under section 6013(e), petitioner is entitled to innocent spouse relief relating to the self-employment tax ($ 256) on certain self-employment income earned by petitioner's former spouse. FINDINGS OF FACT Petitioner resided in Colorado Springs, Colorado, when he filed his petition herein. Formerly, petitioner was married to Janett G. Good-Wolski, *300 with whom he filed a joint Federal income tax return for 1989. During 1989, petitioner's former spouse received self-employment income in the amount of $ 1,966.50 from Rediger Engineering, which was included as gross income on the 1989 return, but on which no self-employment taxes were paid. In addition, petitioner's former spouse received self-employment income in the amount of $ 1,248 from American Bankers Insurance Company and $ 15 of interest income from Air Academy Federal Credit that was not reported on the 1989 return. Respondent determined a deficiency against petitioner with respect to the adjustments noted above and also with respect to a disallowed miscellaneous deduction in the amount of $ 25. Petitioner claims that he is not liable for the deficiency because he qualifies as an innocent spouse within the meaning of section 6013(e). Before trial, respondent conceded that petitioner was an innocent spouse with regard to tax on the unreported income received from American Bankers Insurance Company and Air Academy Federal Credit. Respondent also conceded the disallowed miscellaneous deduction of $ 25. After respondent's concessions, the amount in controversy is $ 256, *301 representing self-employment tax on the $ 1,996.50 self-employment income received from Rediger Engineering by petitioner's former spouse. OPINION When spouses file a joint Federal income tax return under section 6013(a), tax is computed on an aggregate basis, and the spouses are jointly and severally liable to pay the tax. Sec. 6013(d)(3). A spouse is relieved of joint and several liability, however, where the spouse establishes each of the four requirements under section 6013(e)(1): (e). Spouse relieved of liability in certain cases. -- (1) In General. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then *302 the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
, (1990), affd. . There is no dispute that a joint Federal income tax return was filed by petitioner and his former spouse for 1989. Sec. 6013(e)(1)(A). The parties disagree, however, as to whether there exists a substantial understatement of tax attributable to grossly erroneous items of income received by petitioner's former spouse. Sec. 6013(e)(1)(B). Because we find for respondent on this issue, we need not consider sections 6013(e)(1)(C) and (D). ; . Section 6013(e)(2) defines "grossly erroneous items", to include only the following: (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis *303 by such spouse in an amount for which there is no basis in fact or law.
. The statute requires that the joint return report a gross error as to a specific item of income, deduction, credit, or basis. Id. Where the item is income, it must be omitted from the joint return to constitute a gross error under section 6013(e)(2)(A). . An erroneously characterized item of income included on the return may give rise to a gross error only when correction of the error would cause disallowance of a deduction or credit, or affect basis. Sec. 6013(e)(2)(B); . The item in issue is $ 1,966.50 of self-employment income that was reported as gross income on the 1989 joint income tax return, but for which no self-employment tax was reported or paid. The item of income was not omitted as required by section 6013(e)(2)(A). The only error was a failure to characterize the item as income subject to tax under sections 1401 -- 1403. . *304 Although there may have been no basis in fact or law for the failure to characterize the income as self-employment income, because the item of income in question does not affect any deduction, credit, or basis, this failure cannot constitute a grossly erroneous item under the statute. Id. Consequently, the understatement of tax [2] is not attributable to a grossly erroneous item. Id. Therefore, as to $ 256 of the deficiency representing self-employment tax on the $ 1,996.50 self-employment income, petitioner cannot obtain relief under the innocent spouse rule. Based on concessions by respondent and the foregoing, Decision will be entered for respondent in the amount of $ 256. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The understatement of tax attributable to the $ 1,996.50 self-employment income is $ 256, which under the statute is not substantial. Sec. 6013(e)(3).↩